# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Alabama

| | |
|---|---|
| CHRISTOPHER JARVIS | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  2:17-CV-396 |
| TAYLORCHANDLER, LLC, et al. | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Buckley Sandler, LLP, 1250 24th Street NW, Suite 700, Washington, DC 20037

_(Name of person to whom this subpoena is directed)_

✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
Referenced in Exhibit A, which is attached to this subpoena.

| Place: Buckley Sandler, LLP<br>1250 24th Street NW, Suite 700<br>Washington, DC 20037 | Date and Time:<br><br>01/31/2019 5:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  01/03/2019

| CLERK OF COURT | |
|---|---|
| | OR |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  TaylorChandler LLC
T. Britt Taylor, Norman Chandler, and James R. Johnson_____ , who issues or requests this subpoena, are:
Roy Clay Dumas, 2660 Eastchase Lane, Suite 300, Montgomery, AL 36117

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A - Page 1 of 91**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:17-CV-396

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Please produce the following:

1.      All documents and communications from 2015 to present that reflect any decision by Buckley Sandler, LLP (referred to herein as "Buckley Sandler") to surrender captive insurance plans for ALS Risk Management LLC, KMJ Risk Management LLC, Atlantic Risk Management LLC, Carodan Risk Management LLC, DK Risk Management LLC, K&L Risk Management LLC, Monticello Risk Management LLC, West Side Insurance LLC, Dawn Heights Risk Management LLC, L&K Risk Management LLC, Loxford Risk Management LLC, Pocono Risk Management LLC, Tarpon Risk Management LLC, and Wellfleet Risk Management LLC (collectively referred to herein as the "Buckley Sandler Captives") managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

2.      All documents and communications from 2015 to present reflecting advice, proposals, or any solicitation received by Buckley Sandler suggesting that it should surrender the captive insurance plans for the Buckley Sandler Captives managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

3.      All documents and communications from 2015 to present reflecting Buckley Sandler's consideration of any advice, proposal, or solicitation to surrender the captive insurance plans for the Buckley Sandler Captives managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

4.      All documents from 2015 to present that reflect the decision by Buckley Sandler to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the Buckley Sandler Captives.

5.    All documents from 2015 to present reflecting advice, proposals, or any solicitation received by Buckley Sandler to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the Buckley Sandler Captives.

6.    All documents and communications from 2015 to present reflecting Buckley Sandler's consideration of any advice, proposal, or solicitation to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the Buckley Sandler Captives.

7.    All documents from 2016 to the present, that reflect whether Buckley Sandler currently operates or has operated a captive insurance plan with respect to the Buckley Sandler Captives (or any successors thereof), and the identity and captive insurance manager of each such plan.

8.    All correspondence, including letters, emails, and text or SMS communications, from 2016 to the present between Buckley Sandler, its owners, officers, board of directors, employees, and agents (collectively referred to as "Buckley Sandler Personnel") and Jarvis Tower, Christopher Jarvis or any of their respective owners, officers, board of directors, employees, agents, or affiliates (collectively referred to as "Jarvis") with respect to the following matters:

    a.    Jarvis instructing Buckley Sandler Personnel not to pay fees to Jade Risk, LLC and/or Arsenal Insurance Management, LLC related to the provision of captive insurance management services for the Buckley Sandler Captives;

    b.    Jarvis instructing Buckley Sandler Personnel to pay fees to Jarvis directly, instead of to Jade Risk, LLC and/or Arsenal Insurance Management, LLC;

    c.    Jarvis discussing with Buckley Sandler Personnel shutting down Buckley Sandler's captive insurance plans for the Buckley Sandler Captives;

      d.     Jarvis discussing with Buckley Sandler Personnel opportunities to form new captive insurance companies;

      e.     Jarvis discussing with Buckley Sandler Personnel opportunities to obtain captive insurance management services from an individual or entity other than Jade Risk, LLC or Arsenal Insurance Management, LLC;

      f.     Jarvis discussing selling life insurance products to the owners of the Buckley Sandler Captives.

    9.    All documents from 2016 to the present that reflect payments of money by Buckley Sandler to Christopher Jarvis, Jarvis Tower, or any other entity or individual in which Christopher Jarvis has an ownership interest or with which Christopher Jarvis is associated or affiliated (by employment, independent contractor relationship, or otherwise).

**CERTIFICATE OF SERVICE**

   I hereby certify that on this **3rd** of **January, 2019**, I served the foregoing document by U.S. Certified Mail, properly addressed and first-class postage prepaid to the following:

Buckley Sandler, LLP
1250 24th Street NW
Suite 700
Washington, DC 20037

---

   I hereby certify that a true copy of the foregoing was emailed this **3rd** day of **January, 2019** to the following counsel of record:

Marcus Maples, Esq.
Baker, Donelson, Bearman,
 Caldwell & Berkowitz, P.C.
420 North 20th Street
Suite 1400, Wells Fargo Tower
Birmingham, Alabama 35203
Email: mmaples@bakerdonelson.com

Timothy Cleveland, Esq.
Kevin J. Terrazas, Esq.
Cleveland, Terrazas PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
Email: tcleveland@clevelandterrazas.com
Email: kterrazas@clevelandterrazas.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Alabama

| | | |
|---|---|---|
| CHRISTOPHER JARVIS | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:17-CV-396 |
| TAYLORCHANDLER, LLC, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
　　　　Atlantic Risk Mangement, LLC, 1250 24th Street NW, Suite 700, Washington, DC 20037

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
　　　　Referenced in Exhibit A, which is attached to this subpoena.

| Place: Atlantic Risk Management, LLC<br>　　　1250 24th Street NW, Suite 700<br>　　　Washington, DC 20037 | Date and Time:<br>　　　01/31/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

　　　　The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:　　01/03/2019

　　　　　　　　　　　*CLERK OF COURT*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　OR
　　　────────────────────────────　　　────────────────────────────
　　　　　*Signature of Clerk or Deputy Clerk*　　　　　　　　　　　*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  TaylorChandler LLC
T. Britt Taylor, Norman Chandler, and James R. Johnson　　　　　　　, who issues or requests this subpoena, are:
Roy Clay Dumas, 2660 Eastchase Lane, Suite 300, Montgomery, AL 36117

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A - Page 8 of 91**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:17-CV-396

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

◻ I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

◻ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Please produce the following:

1.    All documents and communications from 2015 to present that reflect your decision to surrender, effective on or about February 1, 2018, the captive insurance plan of Atlantic Risk Management LLC (or any predecessor or successor entity) (referred to herein as "Atlantic Risk") and managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

2.    All documents and communications from 2015 to present reflecting advice, proposals, or any solicitation you received suggesting that you and/or Buckley Sandler LLP should surrender the captive insurance plan for Atlantic Risk managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

3.    All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to surrender captive insurance plans for Atlantic Risk managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

4.    All documents from 2015 to present that reflect your decision to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of Atlantic Risk.

5.    All documents from 2015 to present reflecting advice, proposals, or any solicitation you received to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of Atlantic Risk.

6.    All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of Atlantic Risk.

7.    All documents from 2016 to the present, that reflect whether you currently operate or participate in, or have operated or participated in, a captive insurance plan for Atlantic Risk or any other entity in which you have an ownership interest or with which you are affiliated, and the identity and captive insurance manager of each such plan.

8.    All correspondence, including letters, emails, and text or SMS communications, from 2016 to the present between you and Jarvis Tower, Christopher Jarvis or any of their respective owners, officers, board of directors, employees, agents, or affiliates (collectively referred to as "Jarvis") with respect to the following matters:

      a.    Jarvis instructing you not to pay fees to Jade Risk, LLC and/or Arsenal Insurance Management, LLC related to the provision of captive insurance management services for Atlantic Risk;

      b.    Jarvis instructing you to pay fees for captive insurance management services provided to Atlantic Risk to Jarvis directly, instead of to Jade Risk, LLC and/or Arsenal Insurance Management, LLC;

      c.    Jarvis discussing shutting down Atlantic Risk with you;

      d.    Jarvis discussing with you opportunities to form new captive insurance companies;

      e.    Jarvis discussing with you opportunities to obtain captive insurance management services from an individual or entity other than Jade Risk, LLC or Arsenal Insurance Management, LLC;

      f.    Jarvis discussing selling life insurance products to you.

9.    All documents from 2016 to the present that reflect payments of money by you and/or Atlantic Risk to Christopher Jarvis, Jarvis Tower, or any other entity or individual in which Christopher Jarvis has an ownership interest or with which Christopher Jarvis is associated or affiliated (by employment, independent contractor relationship, or otherwise).

## CERTIFICATE OF SERVICE

I hereby certify that on this **3rd** of **January, 2019**, I served the foregoing document by U.S. Certified Mail, properly addressed and first-class postage prepaid to the following:

Atlantic Risk Management, LLC
1250 24th Street NW
Suite 700
Washington, DC 20037

I hereby certify that a true copy of the foregoing was emailed this **3rd** day of **January, 2019** to the following counsel of record:

Marcus Maples, Esq.
Baker, Donelson, Bearman,
    Caldwell & Berkowitz, P.C.
420 North 20th Street
Suite 1400, Wells Fargo Tower
Birmingham, Alabama 35203
Email: mmaples@bakerdonelson.com

Timothy Cleveland, Esq.
Kevin J. Terrazas, Esq.
Cleveland, Terrazas PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
Email: tcleveland@clevelandterrazas.com
Email: kterrazas@clevelandterrazas.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Alabama

| | | |
|---|---|---|
| CHRISTOPHER JARVIS | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:17-CV-396 |
| TAYLORCHANDLER, LLC, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
         Benjamin B. Klubes, 1250 24th Street NW, Suite 700, Washington, DC 20037
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
         Referenced in Exhibit A, which is attached to this subpoena.

| Place: Benjamin B. Klubes | Date and Time: |
|---|---|
| 1250 24th Street NW, Suite 700 | |
| Washington, DC 20037 | 01/31/2019 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/03/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   TaylorChandler LLC
T. Britt Taylor, Norman Chandler, and James R. Johnson_____ , who issues or requests this subpoena, are:
Roy Clay Dumas, 2660 Eastchase Lane, Suite 300, Montgomery, AL 36117

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A - Page 15 of 91**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:17-CV-396

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

⬜ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

⬜ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Please produce the following:

1.    All documents and communications from 2015 to present that reflect your decision to surrender, effective on or about February 1, 2018, the captive insurance plan of Atlantic Risk Management LLC (or any predecessor or successor entity) (referred to herein as "Atlantic Risk") and managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

2.    All documents and communications from 2015 to present reflecting advice, proposals, or any solicitation you received suggesting that you and/or Buckley Sandler LLP should surrender the captive insurance plan for Atlantic Risk managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

3.    All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to surrender captive insurance plans for Atlantic Risk managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

4.    All documents from 2015 to present that reflect your decision to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of Atlantic Risk.

5.    All documents from 2015 to present reflecting advice, proposals, or any solicitation you received to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of Atlantic Risk.

6.    All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of Atlantic Risk.

7.    All documents from 2016 to the present, that reflect whether you currently operate or participate in, or have operated or participated in, a captive insurance plan for Atlantic Risk or any other entity in which you have an ownership interest or with which you are affiliated, and the identity and captive insurance manager of each such plan.

8.    All correspondence, including letters, emails, and text or SMS communications, from 2016 to the present between you and Jarvis Tower, Christopher Jarvis or any of their respective owners, officers, board of directors, employees, agents, or affiliates (collectively referred to as "Jarvis") with respect to the following matters:

a.    Jarvis instructing you not to pay fees to Jade Risk, LLC and/or Arsenal Insurance Management, LLC related to the provision of captive insurance management services for Atlantic Risk;

b.    Jarvis instructing you to pay fees for captive insurance management services provided to Atlantic Risk to Jarvis directly, instead of to Jade Risk, LLC and/or Arsenal Insurance Management, LLC;

c.    Jarvis discussing shutting down Atlantic Risk with you;

d.    Jarvis discussing with you opportunities to form new captive insurance companies;

e.    Jarvis discussing with you opportunities to obtain captive insurance management services from an individual or entity other than Jade Risk, LLC or Arsenal Insurance Management, LLC;

f.    Jarvis discussing selling life insurance products to you.

9.    All documents from 2016 to the present that reflect payments of money by you and/or Atlantic Risk to Christopher Jarvis, Jarvis Tower, or any other entity or individual in which Christopher Jarvis has an ownership interest or with which Christopher Jarvis is associated or affiliated (by employment, independent contractor relationship, or otherwise).

**CERTIFICATE OF SERVICE**

I hereby certify that on this **3rd** of **January, 2019**, I served the foregoing document by U.S. Certified Mail, properly addressed and first-class postage prepaid to the following:

Benjamin B. Klubes
1250 24th Street NW
Suite 700
Washington, DC 20037

---

I hereby certify that a true copy of the foregoing was emailed this **3rd** day of **January, 2019** to the following counsel of record:

Marcus Maples, Esq.
Baker, Donelson, Bearman,
   Caldwell & Berkowitz, P.C.
420 North 20th Street
Suite 1400, Wells Fargo Tower
Birmingham, Alabama 35203
Email: mmaples@bakerdonelson.com

Timothy Cleveland, Esq.
Kevin J. Terrazas, Esq.
Cleveland, Terrazas PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
Email: tcleveland@clevelandterrazas.com
Email: kterrazas@clevelandterrazas.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Alabama

| | |
|---|---|
| CHRISTOPHER JARVIS | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 2:17-CV-396 |
| TAYLORCHANDLER, LLC, et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
　　　　Carodan Risk Mangement, LLC, 1250 24th Street NW, Suite 700, Washington, DC 20037

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
　　　　Referenced in Exhibit A, which is attached to this subpoena.

| Place: Carodan Risk Management, LLC<br>　　　1250 24th Street NW, Suite 700<br>　　　Washington, DC 20037 | Date and Time:<br>　　01/31/2019 5:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/03/2019

| _CLERK OF COURT_ | OR | |
|---|---|---|
| _____ | | _____ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ TaylorChandler LLC
T. Britt Taylor, Norman Chandler, and James R. Johnson　　　　　　, who issues or requests this subpoena, are:
Roy Clay Dumas, 2660 Eastchase Lane, Suite 300, Montgomery, AL 36117

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A - Page 22 of 91**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:17-CV-396

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Please produce the following:

1.    All documents and communications from 2015 to present that reflect your decision to surrender, effective on or about February 1, 2018, the captive insurance plan of Carodan Risk Management LLC (or any predecessor or successor entity) (referred to herein as "Carodan") and managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

2.    All documents and communications from 2015 to present reflecting advice, proposals, or any solicitation you received suggesting that you and/or Buckley Sandler LLP should surrender the captive insurance plan for Carodan managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

3.    All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to surrender the captive insurance plan for Carodan managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

4.    All documents from 2015 to present that reflect your decision to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of Carodan.

5.    All documents from 2015 to present reflecting advice, proposals, or any solicitation you received to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of Carodan.

6.    All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of Carodan.

7.    All documents from 2016 to the present, that reflect whether you currently operate or participate in, or have operated or participated in, a captive insurance plan for Carodan or any other entity in which you have an ownership interest or with which you are affiliated, and the identity and captive insurance manager of each such plan.

8.    All correspondence, including letters, emails, and text or SMS communications, from 2016 to the present between you and Jarvis Tower, Christopher Jarvis or any of their respective owners, officers, board of directors, employees, agents, or affiliates (collectively referred to as "Jarvis") with respect to the following matters:

a.    Jarvis instructing you not to pay fees to Jade Risk, LLC and/or Arsenal Insurance Management, LLC related to the provision of captive insurance management services for Carodan;

b.    Jarvis instructing you to pay fees for captive insurance management services provided to Carodan to Jarvis directly, instead of to Jade Risk, LLC and/or Arsenal Insurance Management, LLC;

c.    Jarvis discussing shutting down Carodan with you;

d.    Jarvis discussing with you opportunities to form new captive insurance companies;

e.    Jarvis discussing with you opportunities to obtain captive insurance management services from an individual or entity other than Jade Risk, LLC or Arsenal Insurance Management, LLC;

f.    Jarvis discussing selling life insurance products to you.

9.    All documents from 2016 to the present that reflect payments of money by you and/or Carodan to Christopher Jarvis, Jarvis Tower, or any other entity or individual in which Christopher Jarvis has an ownership interest or with which Christopher Jarvis is associated or affiliated (by employment, independent contractor relationship, or otherwise).

## CERTIFICATE OF SERVICE

I hereby certify that on this **3rd** of **January, 2019**, I served the foregoing document by U.S. Certified Mail, properly addressed and first-class postage prepaid to the following:

Carodan Risk Management, LLC
1250 24th Street NW
Suite 700
Washington, DC 20037

---

I hereby certify that a true copy of the foregoing was emailed this **3rd** day of **January, 2019** to the following counsel of record:

Marcus Maples, Esq.
Baker, Donelson, Bearman,
   Caldwell & Berkowitz, P.C.
420 North 20th Street
Suite 1400, Wells Fargo Tower
Birmingham, Alabama 35203
Email: mmaples@bakerdonelson.com

Timothy Cleveland, Esq.
Kevin J. Terrazas, Esq.
Cleveland, Terrazas PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
Email: tcleveland@clevelandterrazas.com
Email: kterrazas@clevelandterrazas.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Middle District of Alabama

| | |
|---|---|
| CHRISTOPHER JARVIS | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.   2:17-CV-396 |
| TAYLORCHANDLER, LLC, et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Christopher M. Witeck, 1250 24th Street NW, Suite 700, Washington, DC 20037

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
     Referenced in Exhibit A, which is attached to this subpoena.

| Place: Christopher M. Witeck | Date and Time: |
|---|---|
| 1250 24th Street NW, Suite 700 | |
| Washington, DC 20037 | 01/31/2019 5:00 pm |

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/03/2019

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   TaylorChandler LLC
T. Britt Taylor, Norman Chandler, and James R. Johnson      , who issues or requests this subpoena, are:
Roy Clay Dumas, 2660 Eastchase Lane, Suite 300, Montgomery, AL 36117

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A - Page 29 of 91**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:17-CV-396

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

## EXHIBIT A

Please produce the following:

1.      All documents and communications from 2015 to present that reflect your decision to surrender, effective on or about February 1, 2018, the captive insurance plan of Carodan Risk Management LLC (or any predecessor or successor entity) (referred to herein as "Carodan") and managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

2.      All documents and communications from 2015 to present reflecting advice, proposals, or any solicitation you received suggesting that you and/or Buckley Sandler LLP should surrender the captive insurance plan for Carodan managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

3.      All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to surrender the captive insurance plan for Carodan managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

4.      All documents from 2015 to present that reflect your decision to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of Carodan.

5.      All documents from 2015 to present reflecting advice, proposals, or any solicitation you received to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of Carodan.

6.      All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of Carodan.

7.    All documents from 2016 to the present, that reflect whether you currently operate or participate in, or have operated or participated in, a captive insurance plan for Carodan or any other entity in which you have an ownership interest or with which you are affiliated, and the identity and captive insurance manager of each such plan.

8.    All correspondence, including letters, emails, and text or SMS communications, from 2016 to the present between you and Jarvis Tower, Christopher Jarvis or any of their respective owners, officers, board of directors, employees, agents, or affiliates (collectively referred to as "Jarvis") with respect to the following matters:

a.    Jarvis instructing you not to pay fees to Jade Risk, LLC and/or Arsenal Insurance Management, LLC related to the provision of captive insurance management services for Carodan;

b.    Jarvis instructing you to pay fees for captive insurance management services provided to Carodan to Jarvis directly, instead of to Jade Risk, LLC and/or Arsenal Insurance Management, LLC;

c.    Jarvis discussing shutting down Carodan with you;

d.    Jarvis discussing with you opportunities to form new captive insurance companies;

e.    Jarvis discussing with you opportunities to obtain captive insurance management services from an individual or entity other than Jade Risk, LLC or Arsenal Insurance Management, LLC;

f.    Jarvis discussing selling life insurance products to you.

9.    All documents from 2016 to the present that reflect payments of money by you and/or Carodan to Christopher Jarvis, Jarvis Tower, or any other entity or individual in which Christopher Jarvis has an ownership interest or with which Christopher Jarvis is associated or affiliated (by employment, independent contractor relationship, or otherwise).

## CERTIFICATE OF SERVICE

I hereby certify that on this **3rd** of **January, 2019**, I served the foregoing document by U.S. Certified Mail, properly addressed and first-class postage prepaid to the following:

Christopher M. Witeck
1250 24th Street NW
Suite 700
Washington, DC 20037

---

I hereby certify that a true copy of the foregoing was emailed this **3rd** day of **January, 2019** to the following counsel of record:

Marcus Maples, Esq.
Baker, Donelson, Bearman,
    Caldwell & Berkowitz, P.C.
420 North 20th Street
Suite 1400, Wells Fargo Tower
Birmingham, Alabama 35203
Email: mmaples@bakerdonelson.com

Timothy Cleveland, Esq.
Kevin J. Terrazas, Esq.
Cleveland, Terrazas PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
Email: tcleveland@clevelandterrazas.com
Email: kterrazas@clevelandterrazas.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Alabama

| | |
|---|---|
| CHRISTOPHER JARVIS | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 2:17-CV-396 |
| TAYLORCHANDLER, LLC, et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        DK Risk Mangement, LLC, 1250 24th Street NW, Suite 700, Washington, DC 20037

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:        Referenced in Exhibit A, which is attached to this subpoena.

| Place: DK Risk Management, LLC<br>1250 24th Street NW, Suite 700<br>Washington, DC 20037 | Date and Time:<br>01/31/2019 5:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/03/2019

|  |  |  |
|---|---|---|
| _CLERK OF COURT_ | | |
| | OR | |
| _____ | | _____ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ TaylorChandler LLC
T. Britt Taylor, Norman Chandler, and James R. Johnson          , who issues or requests this subpoena, are:
Roy Clay Dumas, 2660 Eastchase Lane, Suite 300, Montgomery, AL 36117

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A - Page 36 of 91**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:17-CV-396

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

Please produce the following:

1.      All documents and communications from 2015 to present that reflect your decision to surrender, effective on or about February 1, 2018, the captive insurance plan of DK Management LLC (or any predecessor or successor entity) (referred to herein as "DK Risk Management") and managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

2.      All documents and communications from 2015 to present reflecting advice, proposals, or any solicitation you received suggesting that you and/or Buckley Sandler LLP should surrender the captive insurance plan for DK Risk Management managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

3.      All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to surrender the captive insurance plan for DK Risk Management managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

4.      All documents from 2015 to present that reflect your decision to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of DK Risk Management.

5.      All documents from 2015 to present reflecting advice, proposals, or any solicitation you received to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of DK Risk Management.

6.      All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of DK Risk Management.

7.     All documents from 2016 to the present, that reflect whether you currently operate or participate in, or have operated or participated in, a captive insurance plan for DK Risk Management or any other entity in which you have an ownership interest or with which you are affiliated, and the identity and captive insurance manager of each such plan.

8.     All correspondence, including letters, emails, and text or SMS communications, from 2016 to the present between you and Jarvis Tower, Christopher Jarvis or any of their respective owners, officers, board of directors, employees, agents, or affiliates (collectively referred to as "Jarvis") with respect to the following matters:

a.     Jarvis instructing you not to pay fees to Jade Risk, LLC and/or Arsenal Insurance Management, LLC related to the provision of captive insurance management services for DK Risk Management;

b.     Jarvis instructing you to pay fees for captive insurance management services provided to DK Risk Management to Jarvis directly, instead of to Jade Risk, LLC and/or Arsenal Insurance Management, LLC;

c.     Jarvis discussing shutting down DK Risk Management with you;

d.     Jarvis discussing with you opportunities to form new captive insurance companies;

e.     Jarvis discussing with you opportunities to obtain captive insurance management services from an individual or entity other than Jade Risk, LLC or Arsenal Insurance Management, LLC;

f.     Jarvis discussing selling life insurance products to you.

9.     All documents from 2016 to the present that reflect payments of money by you and/or DK Risk Management to Christopher Jarvis, Jarvis Tower, or any other entity or individual in which Christopher Jarvis has an ownership interest or with which Christopher Jarvis is associated or affiliated (by employment, independent contractor relationship, or otherwise).

## CERTIFICATE OF SERVICE

I hereby certify that on this **3rd** of **January, 2019**, I served the foregoing document by U.S. Certified Mail, properly addressed and first-class postage prepaid to the following:

DK Risk Management, LLC
1250 24th Street NW
Suite 700
Washington, DC 20037

---

I hereby certify that a true copy of the foregoing was emailed this **3rd** day of **January, 2019** to the following counsel of record:

Marcus Maples, Esq.
Baker, Donelson, Bearman,
   Caldwell & Berkowitz, P.C.
420 North 20th Street
Suite 1400, Wells Fargo Tower
Birmingham, Alabama 35203
Email: mmaples@bakerdonelson.com

Timothy Cleveland, Esq.
Kevin J. Terrazas, Esq.
Cleveland, Terrazas PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
Email: tcleveland@clevelandterrazas.com
Email: kterrazas@clevelandterrazas.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Middle District of Alabama

| | |
|---|---|
| CHRISTOPHER JARVIS | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:17-CV-396 |
| TAYLORCHANDLER, LLC, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                David S. Krakoff, 1250 24th Street NW, Suite 700, Washington, DC 20037

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
            Referenced in Exhibit A, which is attached to this subpoena.

| Place: David S. Krakoff<br>1250 24th Street NW, Suite 700<br>Washington, DC 20037 | Date and Time:<br><br>01/31/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/03/2019

|  CLERK OF COURT | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   TaylorChandler LLC
T. Britt Taylor, Norman Chandler, and James R. Johnson            , who issues or requests this subpoena, are:
Roy Clay Dumas, 2660 Eastchase Lane, Suite 300, Montgomery, AL 36117

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A - Page 43 of 91**

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:17-CV-396

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                          *Server's signature*

                                 _____
                                          *Printed name and title*

                                 _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Please produce the following:

1.    All documents and communications from 2015 to present that reflect your decision to surrender, effective on or about February 1, 2018, the captive insurance plan of DK Management LLC (or any predecessor or successor entity) (referred to herein as "DK Risk Management") and managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

2.    All documents and communications from 2015 to present reflecting advice, proposals, or any solicitation you received suggesting that you and/or Buckley Sandler LLP should surrender the captive insurance plan for DK Risk Management managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

3.    All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to surrender the captive insurance plan for DK Risk Management managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

4.    All documents from 2015 to present that reflect your decision to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of DK Risk Management.

5.    All documents from 2015 to present reflecting advice, proposals, or any solicitation you received to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of DK Risk Management.

6.    All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of DK Risk Management.

7.    All documents from 2016 to the present, that reflect whether you currently operate or participate in, or have operated or participated in, a captive insurance plan for DK Risk Management or any other entity in which you have an ownership interest or with which you are affiliated, and the identity and captive insurance manager of each such plan.

8.    All correspondence, including letters, emails, and text or SMS communications, from 2016 to the present between you and Jarvis Tower, Christopher Jarvis or any of their respective owners, officers, board of directors, employees, agents, or affiliates (collectively referred to as "Jarvis") with respect to the following matters:

a.    Jarvis instructing you not to pay fees to Jade Risk, LLC and/or Arsenal Insurance Management, LLC related to the provision of captive insurance management services for DK Risk Management;

b.    Jarvis instructing you to pay fees for captive insurance management services provided to DK Risk Management to Jarvis directly, instead of to Jade Risk, LLC and/or Arsenal Insurance Management, LLC;

c.    Jarvis discussing shutting down DK Risk Management with you;

d.    Jarvis discussing with you opportunities to form new captive insurance companies;

e.    Jarvis discussing with you opportunities to obtain captive insurance management services from an individual or entity other than Jade Risk, LLC or Arsenal Insurance Management, LLC;

f.    Jarvis discussing selling life insurance products to you.

9.    All documents from 2016 to the present that reflect payments of money by you and/or DK Risk Management to Christopher Jarvis, Jarvis Tower, or any other entity or individual in which Christopher Jarvis has an ownership interest or with which Christopher Jarvis is associated or affiliated (by employment, independent contractor relationship, or otherwise).

**CERTIFICATE OF SERVICE**

I hereby certify that on this **3rd** of **January, 2019**, I served the foregoing document by U.S. Certified Mail, properly addressed and first-class postage prepaid to the following:

David S. Krakoff
1250 24th Street NW
Suite 700
Washington, DC 20037

I hereby certify that a true copy of the foregoing was emailed this **3rd** day of **January, 2019** to the following counsel of record:

Marcus Maples, Esq.
Baker, Donelson, Bearman,
    Caldwell & Berkowitz, P.C.
420 North 20th Street
Suite 1400, Wells Fargo Tower
Birmingham, Alabama 35203
Email: mmaples@bakerdonelson.com

Timothy Cleveland, Esq.
Kevin J. Terrazas, Esq.
Cleveland, Terrazas PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
Email: tcleveland@clevelandterrazas.com
Email: kterrazas@clevelandterrazas.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Alabama

| | |
|---|---|
| CHRISTOPHER JARVIS | ) |
| _Plaintiff_ | ) |
| v. | )     Civil Action No.  2:17-CV-396 |
| TAYLORCHANDLER, LLC, et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
        K&L Risk Mangement, LLC, 1250 24th Street NW, Suite 700, Washington, DC 20037

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
      Referenced in Exhibit A, which is attached to this subpoena.

| Place: K&L Risk Management, LLC<br>     1250 24th Street NW, Suite 700<br>     Washington, DC 20037 | Date and Time:<br>    01/31/2019 5:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  01/03/2019

| _CLERK OF COURT_ | |
|---|---|
| | OR |
| _____<br>_Signature of Clerk or Deputy Clerk_ | _____<br>_Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  TaylorChandler LLC
T. Britt Taylor, Norman Chandler, and James R. Johnson _____ , who issues or requests this subpoena, are:
Roy Clay Dumas, 2660 Eastchase Lane, Suite 300, Montgomery, AL 36117

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A - Page 50 of 91**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:17-CV-396

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Please produce the following:

      1.    All documents and communications from 2015 to present that reflect your decision to surrender, effective on or about February 1, 2018, the captive insurance plan of K&L Management LLC (or any predecessor or successor entity) (referred to herein as "K&L Risk Management") and managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

      2.    All documents and communications from 2015 to present reflecting advice, proposals, or any solicitation you received suggesting that you and/or Buckley Sandler LLP should surrender the captive insurance plan for K&L Risk Management managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

      3.    All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to surrender the captive insurance plan for K&L Risk Management managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

      4.    All documents from 2015 to present that reflect your decision to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of K&L Risk Management.

      5.    All documents from 2015 to present reflecting advice, proposals, or any solicitation you received to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of K&L Risk Management.

      6.    All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of K&L Risk Management.

01161354          **EXHIBIT A - Page 53 of 91**

7.    All documents from 2016 to the present, that reflect whether you currently operate or participate in, or have operated or participated in, a captive insurance plan for K&L Risk Management or any other entity in which you have an ownership interest or with which you are affiliated, and the identity and captive insurance manager of each such plan.

8.    All correspondence, including letters, emails, and text or SMS communications, from 2016 to the present between you and Jarvis Tower, Christopher Jarvis or any of their respective owners, officers, board of directors, employees, agents, or affiliates (collectively referred to as "Jarvis") with respect to the following matters:

a.    Jarvis instructing you not to pay fees to Jade Risk, LLC and/or Arsenal Insurance Management, LLC related to the provision of captive insurance management services for K&L Risk Management;

b.    Jarvis instructing you to pay fees for captive insurance management services provided to K&L Risk Management to Jarvis directly, instead of to Jade Risk, LLC and/or Arsenal Insurance Management, LLC;

c.    Jarvis discussing shutting down K&L Risk Management with you;

d.    Jarvis discussing with you opportunities to form new captive insurance companies;

e.    Jarvis discussing with you opportunities to obtain captive insurance management services from an individual or entity other than Jade Risk, LLC or Arsenal Insurance Management, LLC;

f.    Jarvis discussing selling life insurance products to you.

9.    All documents from 2016 to the present that reflect payments of money by you and/or K&L Risk Management to Christopher Jarvis, Jarvis Tower, or any other entity or individual in which Christopher Jarvis has an ownership interest or with which Christopher Jarvis is associated or affiliated (by employment, independent contractor relationship, or otherwise).

## CERTIFICATE OF SERVICE

I hereby certify that on this **3rd** of **January, 2019**, I served the foregoing document by U.S. Certified Mail, properly addressed and first-class postage prepaid to the following:

K&L Risk Management, LLC
1250 24th Street NW
Suite 700
Washington, DC 20037

---

I hereby certify that a true copy of the foregoing was emailed this **3rd** day of **January, 2019** to the following counsel of record:

Marcus Maples, Esq.
Baker, Donelson, Bearman,
  Caldwell & Berkowitz, P.C.
420 North 20th Street
Suite 1400, Wells Fargo Tower
Birmingham, Alabama 35203
Email: mmaples@bakerdonelson.com

Timothy Cleveland, Esq.
Kevin J. Terrazas, Esq.
Cleveland, Terrazas PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
Email: tcleveland@clevelandterrazas.com
Email: kterrazas@clevelandterrazas.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Alabama

| | | |
|---|---|---|
| CHRISTOPHER JARVIS | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:17-CV-396 |
| TAYLORCHANDLER, LLC, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
　　　　　　John P. Kromer, 1250 24th Street NW, Suite 700, Washington, DC 20037

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
　　　　Referenced in Exhibit A, which is attached to this subpoena.

| Place: John P. Kromer | Date and Time: |
|---|---|
| 1250 24th Street NW, Suite 700 | |
| Washington, DC 20037 | 01/31/2019 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

　　　　The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:　　01/03/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*　TaylorChandler LLC
T. Britt Taylor, Norman Chandler, and James R. Johnson　　　　　　, who issues or requests this subpoena, are:
Roy Clay Dumas, 2660 Eastchase Lane, Suite 300, Montgomery, AL 36117

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A - Page 57 of 91**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:17-CV-396

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Please produce the following:

     1.    All documents and communications from 2015 to present that reflect your decision to surrender, effective on or about February 1, 2018, the captive insurance plan of K&L Management LLC (or any predecessor or successor entity) (referred to herein as "K&L Risk Management") and managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

     2.    All documents and communications from 2015 to present reflecting advice, proposals, or any solicitation you received suggesting that you and/or Buckley Sandler LLP should surrender the captive insurance plan for K&L Risk Management managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

     3.    All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to surrender the captive insurance plan for K&L Risk Management managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

     4.    All documents from 2015 to present that reflect your decision to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of K&L Risk Management.

     5.    All documents from 2015 to present reflecting advice, proposals, or any solicitation you received to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of K&L Risk Management.

     6.    All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of K&L Risk Management.

01161353

**EXHIBIT A - Page 60 of 91**

7.    All documents from 2016 to the present, that reflect whether you currently operate or participate in, or have operated or participated in, a captive insurance plan for K&L Risk Management or any other entity in which you have an ownership interest or with which you are affiliated, and the identity and captive insurance manager of each such plan.

8.    All correspondence, including letters, emails, and text or SMS communications, from 2016 to the present between you and Jarvis Tower, Christopher Jarvis or any of their respective owners, officers, board of directors, employees, agents, or affiliates (collectively referred to as "Jarvis") with respect to the following matters:

a.    Jarvis instructing you not to pay fees to Jade Risk, LLC and/or Arsenal Insurance Management, LLC related to the provision of captive insurance management services for K&L Risk Management;

b.    Jarvis instructing you to pay fees for captive insurance management services provided to K&L Risk Management to Jarvis directly, instead of to Jade Risk, LLC and/or Arsenal Insurance Management, LLC;

c.    Jarvis discussing shutting down K&L Risk Management with you;

d.    Jarvis discussing with you opportunities to form new captive insurance companies;

e.    Jarvis discussing with you opportunities to obtain captive insurance management services from an individual or entity other than Jade Risk, LLC or Arsenal Insurance Management, LLC;

f.    Jarvis discussing selling life insurance products to you.

9.    All documents from 2016 to the present that reflect payments of money by you and/or K&L Risk Management to Christopher Jarvis, Jarvis Tower, or any other entity or individual in which Christopher Jarvis has an ownership interest or with which Christopher Jarvis is associated or affiliated (by employment, independent contractor relationship, or otherwise).

## CERTIFICATE OF SERVICE

I hereby certify that on this **3rd** of **January, 2019**, I served the foregoing document by U.S. Certified Mail, properly addressed and first-class postage prepaid to the following:

John P. Kromer
1250 24th Street NW
Suite 700
Washington, DC 20037

---

I hereby certify that a true copy of the foregoing was emailed this **3rd** day of **January, 2019** to the following counsel of record:

Marcus Maples, Esq.
Baker, Donelson, Bearman,
   Caldwell & Berkowitz, P.C.
420 North 20th Street
Suite 1400, Wells Fargo Tower
Birmingham, Alabama 35203
Email: mmaples@bakerdonelson.com

Timothy Cleveland, Esq.
Kevin J. Terrazas, Esq.
Cleveland, Terrazas PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
Email: tcleveland@clevelandterrazas.com
Email: kterrazas@clevelandterrazas.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Alabama

| | |
|---|---|
| CHRISTOPHER JARVIS | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 2:17-CV-396 |
| TAYLORCHANDLER, LLC, et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Monticello Risk Mangement, LLC, 1250 24th Street NW, Suite 700, Washington, DC 20037

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
        Referenced in Exhibit A, which is attached to this subpoena.

| Place: Monticello Risk Management, LLC<br>        1250 24th Street NW, Suite 700<br>        Washington, DC 20037 | Date and Time:<br><br>        01/31/2019 5:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/03/2019

_CLERK OF COURT_

                                                        OR    _____
_____                                    _Attorney's signature_
_Signature of Clerk or Deputy Clerk_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  TaylorChandler LLC
T. Britt Taylor, Norman Chandler, and James R. Johnson                  , who issues or requests this subpoena, are:
Roy Clay Dumas, 2660 Eastchase Lane, Suite 300, Montgomery, AL 36117

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A - Page 64 of 91**

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:17-CV-396

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Please produce the following:

    1.    All documents and communications from 2015 to present that reflect your decision to surrender, effective on or about February 1, 2018, the captive insurance plan of Monticello Risk Management LLC (or any predecessor or successor entity) (referred to herein as "Monticello") and managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

    2.    All documents and communications from 2015 to present reflecting advice, proposals, or any solicitation you received suggesting that you and/or Buckley Sandler LLP should surrender the captive insurance plan for Monticello managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

    3.    All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to surrender the captive insurance plan for Monticello managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

    4.    All documents from 2015 to present that reflect your decision to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of Monticello.

    5.    All documents from 2015 to present reflecting advice, proposals, or any solicitation you received to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of Monticello.

    6.    All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of Monticello.

7.    All documents from 2016 to the present, that reflect whether you currently operate or participate in, or have operated or participated in, a captive insurance plan for Monticello or any other entity in which you have an ownership interest or with which you are affiliated, and the identity and captive insurance manager of each such plan.

8.    All correspondence, including letters, emails, and text or SMS communications, from 2016 to the present between you and Jarvis Tower, Christopher Jarvis or any of their respective owners, officers, board of directors, employees, agents, or affiliates (collectively referred to as "Jarvis") with respect to the following matters:

a.    Jarvis instructing you not to pay fees to Jade Risk, LLC and/or Arsenal Insurance Management, LLC related to the provision of captive insurance management services for Monticello;

b.    Jarvis instructing you to pay fees for captive insurance management services provided to Monticello to Jarvis directly, instead of to Jade Risk, LLC and/or Arsenal Insurance Management, LLC;

c.    Jarvis discussing shutting down Monticello with you;

d.    Jarvis discussing with you opportunities to form new captive insurance companies;

e.    Jarvis discussing with you opportunities to obtain captive insurance management services from an individual or entity other than Jade Risk, LLC or Arsenal Insurance Management, LLC;

f.    Jarvis discussing selling life insurance products to you.

9.    All documents from 2016 to the present that reflect payments of money by you and/or Monticello to Christopher Jarvis, Jarvis Tower, or any other entity or individual in which Christopher Jarvis has an ownership interest or with which Christopher Jarvis is associated or affiliated (by employment, independent contractor relationship, or otherwise).

## CERTIFICATE OF SERVICE

I hereby certify that on this **3rd** of **January, 2019**, I served the foregoing document by U.S. Certified Mail, properly addressed and first-class postage prepaid to the following:

Monticello Risk Management, LLC
1250 24th Street NW
Suite 700
Washington, DC 20037

I hereby certify that a true copy of the foregoing was emailed this **3rd** day of **January, 2019** to the following counsel of record:

Marcus Maples, Esq.
Baker, Donelson, Bearman,
    Caldwell & Berkowitz, P.C.
420 North 20th Street
Suite 1400, Wells Fargo Tower
Birmingham, Alabama 35203
Email: mmaples@bakerdonelson.com

Timothy Cleveland, Esq.
Kevin J. Terrazas, Esq.
Cleveland, Terrazas PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
Email: tcleveland@clevelandterrazas.com
Email: kterrazas@clevelandterrazas.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Alabama

| | |
|---|---|
| CHRISTOPHER JARVIS | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.  2:17-CV-396 |
| TAYLORCHANDLER, LLC, et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
       Jeffrey P. Naimon, 1250 24th Street NW, Suite 700, Washington, DC 20037

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
       Referenced in Exhibit A, which is attached to this subpoena.

| Place: Jeffrey P. Naimon | Date and Time: |
|---|---|
| 1250 24th Street NW, Suite 700 | |
| Washington, DC 20037 | 01/31/2019 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/03/2019

|                     *CLERK OF COURT*                     |     OR    |                            |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  TaylorChandler LLC
T. Britt Taylor, Norman Chandler, and James R. Johnson_____ , who issues or requests this subpoena, are:
Roy Clay Dumas, 2660 Eastchase Lane, Suite 300, Montgomery, AL 36117

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A – Page 71 of 91**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:17-CV-396

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

       I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

       ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

       ☐ I returned the subpoena unexecuted because: _____

_____ .

       Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

       $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

       I declare under penalty of perjury that this information is true.

Date: _____

                                    _____
                                        *Server's signature*

                                    _____
                                      *Printed name and title*

                                    _____
                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Please produce the following:

1.      All documents and communications from 2015 to present that reflect your decision to surrender, effective on or about February 1, 2018, the captive insurance plan of Monticello Risk Management LLC (or any predecessor or successor entity) (referred to herein as "Monticello") and managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

2.      All documents and communications from 2015 to present reflecting advice, proposals, or any solicitation you received suggesting that you and/or Buckley Sandler LLP should surrender the captive insurance plan for Monticello managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

3.      All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to surrender the captive insurance plan for Monticello managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

4.      All documents from 2015 to present that reflect your decision to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of Monticello.

5.      All documents from 2015 to present reflecting advice, proposals, or any solicitation you received to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of Monticello.

6.      All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of Monticello.

7.    All documents from 2016 to the present, that reflect whether you currently operate or participate in, or have operated or participated in, a captive insurance plan for Monticello or any other entity in which you have an ownership interest or with which you are affiliated, and the identity and captive insurance manager of each such plan.

8.    All correspondence, including letters, emails, and text or SMS communications, from 2016 to the present between you and Jarvis Tower, Christopher Jarvis or any of their respective owners, officers, board of directors, employees, agents, or affiliates (collectively referred to as "Jarvis") with respect to the following matters:

a.    Jarvis instructing you not to pay fees to Jade Risk, LLC and/or Arsenal Insurance Management, LLC related to the provision of captive insurance management services for Monticello;

b.    Jarvis instructing you to pay fees for captive insurance management services provided to Monticello to Jarvis directly, instead of to Jade Risk, LLC and/or Arsenal Insurance Management, LLC;

c.    Jarvis discussing shutting down Monticello with you;

d.    Jarvis discussing with you opportunities to form new captive insurance companies;

e.    Jarvis discussing with you opportunities to obtain captive insurance management services from an individual or entity other than Jade Risk, LLC or Arsenal Insurance Management, LLC;

f.    Jarvis discussing selling life insurance products to you.

9.    All documents from 2016 to the present that reflect payments of money by you and/or Monticello to Christopher Jarvis, Jarvis Tower, or any other entity or individual in which Christopher Jarvis has an ownership interest or with which Christopher Jarvis is associated or affiliated (by employment, independent contractor relationship, or otherwise).

## CERTIFICATE OF SERVICE

I hereby certify that on this **3rd** of **January, 2019**, I served the foregoing document by U.S. Certified Mail, properly addressed and first-class postage prepaid to the following:

Jeffrey P. Naimon
1250 24th Street NW
Suite 700
Washington, DC 20037

I hereby certify that a true copy of the foregoing was emailed this **3rd** day of **January, 2019** to the following counsel of record:

Marcus Maples, Esq.
Baker, Donelson, Bearman,
   Caldwell & Berkowitz, P.C.
420 North 20th Street
Suite 1400, Wells Fargo Tower
Birmingham, Alabama 35203
Email: mmaples@bakerdonelson.com

Timothy Cleveland, Esq.
Kevin J. Terrazas, Esq.
Cleveland, Terrazas PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
Email: tcleveland@clevelandterrazas.com
Email: kterrazas@clevelandterrazas.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Middle District of Alabama

| | | |
|---|---|---|
| CHRISTOPHER JARVIS | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:17-CV-396 |
| TAYLORCHANDLER, LLC, et al. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          West Side Insurance, LLC, 1250 24th Street NW, Suite 700, Washington, DC 20037

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
          Referenced in Exhibit A, which is attached to this subpoena.

| Place: West Side Insurance, LLC 1250 24th Street NW, Suite 700 Washington, DC 20037 | Date and Time: 01/31/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

          The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/03/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  TaylorChandler LLC
T. Britt Taylor, Norman Chandler, and James R. Johnson          , who issues or requests this subpoena, are:
Roy Clay Dumas, 2660 Eastchase Lane, Suite 300, Montgomery, AL 36117

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A - Page 78 of 91**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:17-CV-396

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

    ❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

 (2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 (2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 (3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 (2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Please produce the following:

1.     All documents and communications from 2015 to present that reflect your decision to surrender, effective on or about December 29, 2016, the captive insurance plan of West Side Insurance LLC (or any predecessor or successor entity) (referred to herein as "West Side") and managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

2.     All documents and communications from 2015 to present reflecting advice, proposals, or any solicitation you received suggesting that you and/or Buckley Sandler LLP should surrender the captive insurance plan for West Side managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

3.     All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to surrender the captive insurance plan for West Side managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

4.     All documents from 2015 to present that reflect your decision to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of West Side.

5.     All documents from 2015 to present reflecting advice, proposals, or any solicitation you received to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of West Side.

6.     All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of West Side.

7.    All documents from 2016 to the present, that reflect whether you currently operate or participate in, or have operated or participated in, a captive insurance plan for West Side or any other entity in which you have an ownership interest or with which you are affiliated, and the identity and captive insurance manager of each such plan.

8.    All correspondence, including letters, emails, and text or SMS communications, from 2016 to the present between you and Jarvis Tower, Christopher Jarvis or any of their respective owners, officers, board of directors, employees, agents, or affiliates (collectively referred to as "Jarvis") with respect to the following matters:

a.    Jarvis instructing you not to pay fees to Jade Risk, LLC and/or Arsenal Insurance Management, LLC related to the provision of captive insurance management services for West Side;

b.    Jarvis instructing you to pay fees for captive insurance management services provided to West Side to Jarvis directly, instead of to Jade Risk, LLC and/or Arsenal Insurance Management, LLC;

c.    Jarvis discussing shutting down West Side with you;

d.    Jarvis discussing with you opportunities to form new captive insurance companies;

e.    Jarvis discussing with you opportunities to obtain captive insurance management services from an individual or entity other than Jade Risk, LLC or Arsenal Insurance Management, LLC;

f.    Jarvis discussing selling life insurance products to you.

9.    All documents from 2016 to the present that reflect payments of money by you and/or West Side to Christopher Jarvis, Jarvis Tower, or any other entity or individual in which Christopher Jarvis has an ownership interest or with which Christopher Jarvis is associated or affiliated (by employment, independent contractor relationship, or otherwise).

## CERTIFICATE OF SERVICE

I hereby certify that on this **3rd** of **January, 2019**, I served the foregoing document by U.S. Certified Mail, properly addressed and first-class postage prepaid to the following:

West Side Insurance, LLC
1250 24th Street NW
Suite 700
Washington, DC 20037

---

I hereby certify that a true copy of the foregoing was emailed this **3rd** day of **January, 2019** to the following counsel of record:

Marcus Maples, Esq.
Baker, Donelson, Bearman,
    Caldwell & Berkowitz, P.C.
420 North 20th Street
Suite 1400, Wells Fargo Tower
Birmingham, Alabama 35203
Email: mmaples@bakerdonelson.com

Timothy Cleveland, Esq.
Kevin J. Terrazas, Esq.
Cleveland, Terrazas PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
Email: tcleveland@clevelandterrazas.com
Email: kterrazas@clevelandterrazas.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Alabama

| | |
|---|---|
| CHRISTOPHER JARVIS | ) |
| _Plaintiff_ | ) |
| v. | )     Civil Action No.  2:17-CV-396 |
| TAYLORCHANDLER, LLC, et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
David Baris, 1250 24th Street NW, Suite 700, Washington, DC 20037

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
      Referenced in Exhibit A, which is attached to this subpoena.

| Place: David Baris | Date and Time: |
|---|---|
| 1250 24th Street NW, Suite 700 Washington, DC 20037 | 01/31/2019 5:00 pm |

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  01/03/2019

| _CLERK OF COURT_ | |
|---|---|
| | OR |
| _____ | _____ |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  TaylorChandler LLC
T. Britt Taylor, Norman Chandler, and James R. Johnson _____ , who issues or requests this subpoena, are:
Roy Clay Dumas, 2660 Eastchase Lane, Suite 300, Montgomery, AL 36117

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A - Page 85 of 91**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:17-CV-396

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____    _____

_____  on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Please produce the following:

1.     All documents and communications from 2015 to present that reflect your decision to surrender, effective on or about December 29, 2016, the captive insurance plan of West Side Insurance LLC (or any predecessor or successor entity) (referred to herein as "West Side") and managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

2.     All documents and communications from 2015 to present reflecting advice, proposals, or any solicitation you received suggesting that you and/or Buckley Sandler LLP should surrender the captive insurance plan for West Side managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

3.     All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to surrender the captive insurance plan for West Side managed by either Jade Risk, LLC or Arsenal Insurance Management, LLC.

4.     All documents from 2015 to present that reflect your decision to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of West Side.

5.     All documents from 2015 to present reflecting advice, proposals, or any solicitation you received to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of West Side.

6.     All documents and communications from 2015 to present reflecting your consideration of any advice, proposal, or solicitation to change from Jade Risk, LLC or Arsenal Insurance Management, LLC to another captive insurance manager for the captive insurance plan of West Side.

7.     All documents from 2016 to the present, that reflect whether you currently operate or participate in, or have operated or participated in, a captive insurance plan for West Side or any other entity in which you have an ownership interest or with which you are affiliated, and the identity and captive insurance manager of each such plan.

8.     All correspondence, including letters, emails, and text or SMS communications, from 2016 to the present between you and Jarvis Tower, Christopher Jarvis or any of their respective owners, officers, board of directors, employees, agents, or affiliates (collectively referred to as "Jarvis") with respect to the following matters:

a.     Jarvis instructing you not to pay fees to Jade Risk, LLC and/or Arsenal Insurance Management, LLC related to the provision of captive insurance management services for West Side;

b.     Jarvis instructing you to pay fees for captive insurance management services provided to West Side to Jarvis directly, instead of to Jade Risk, LLC and/or Arsenal Insurance Management, LLC;

c.     Jarvis discussing shutting down West Side with you;

d.     Jarvis discussing with you opportunities to form new captive insurance companies;

e.     Jarvis discussing with you opportunities to obtain captive insurance management services from an individual or entity other than Jade Risk, LLC or Arsenal Insurance Management, LLC;

f.     Jarvis discussing selling life insurance products to you.

9.     All documents from 2016 to the present that reflect payments of money by you and/or West Side to Christopher Jarvis, Jarvis Tower, or any other entity or individual in which Christopher Jarvis has an ownership interest or with which Christopher Jarvis is associated or affiliated (by employment, independent contractor relationship, or otherwise).

## CERTIFICATE OF SERVICE

I hereby certify that on this **3rd** of **January, 2019**, I served the foregoing document by U.S. Certified Mail, properly addressed and first-class postage prepaid to the following:

David Baris
1250 24th Street NW
Suite 700
Washington, DC 20037

---

I hereby certify that a true copy of the foregoing was emailed this **3rd** day of **January, 2019** to the following counsel of record:

Marcus Maples, Esq.
Baker, Donelson, Bearman,
  Caldwell & Berkowitz, P.C.
420 North 20th Street
Suite 1400, Wells Fargo Tower
Birmingham, Alabama 35203
Email: mmaples@bakerdonelson.com

Timothy Cleveland, Esq.
Kevin J. Terrazas, Esq.
Cleveland, Terrazas PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
Email: tcleveland@clevelandterrazas.com
Email: kterrazas@clevelandterrazas.com